FILED
2011 Jun-22 AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2011 JUN 21 A 9:55
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**THOMAS LEMLEY,**
**PAMELA LEMLEY,**

**Debtors.**

**v.** **Case Number:** ____________

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**Defendant.**

CV-11-BE-2178-S

## COMPLAINT

COME NOW Thomas Lemley and Pamela Lemley, the Plaintiffs in the above-captioned cause of action, and hereby complains against Mortgage Electronic Registration Systems, Inc. as follows:

### Parties

1. Thomas Lemley is an individual who is over the age of twenty-one (21) and is a resident of Jefferson County, Alabama.

2. Pamela Lemley is an individual who is over the age of twenty-one (21) and is a resident of Jefferson County, Alabama.

3. Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") is a foreign corporation organized under the laws of the State of Delaware. Its principal place of business is located in Vienna, Virginia, and it is authorized to conduct business within the State of Alabama.

### Facts

4. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

5. The Plaintiffs were owners of real property commonly known as 712 Third Terrace, Pleasant Grove, Alabama 35127.

6. On or about July 27, 2001, the Plaintiffs entered into a mortgage and corresponding note to purchase said property.

7. According to the mortgage, the Lender was "Mortgage Edge Corporation."

8. Unbeknownst to the Plaintiffs at the time of giving their mortgage as part of their loan transaction, the mortgage named MERS as the mortgagee of record and as a nominee for Mortgage Edge Corporation.

9. The Plaintiffs allege that this mortgage was a "form" mortgage which was and is being used for all mortgages in the State of Alabama.

10. Plaintiffs further allege that this mortgage was not presented to them until the closing of their mortgage loan to allow them to review the document beforehand.

11. According to MERS itself, it is an electronic registry which tracks interests in mortgage for other companies who become members of its registry.

12. The Plaintiffs allege that their mortgage loan and/or note was bundled, sold, and placed in the secondary mortgage market through a securitization process.

13. The Plaintiffs aver and allege that MERS owns no interest in any mortgage loan, does not loan any money to mortgagors, does not own any liens, and is not entitled to payment on any mortgage loan. Furthermore, the Plaintiffs aver and allege that MERS owned no interest in their particular mortgage loan, was not the holder of said mortgage, was not the holder of said note, and was not acting on behalf of any trust or trustee for the note and/or mortgage pool(s).

14. Recently, the Kansas Supreme Court held that MERS lacked standing to enforce any mortgage or to foreclose on any property. Indeed, the Court noted further that MERS had no interest in any mortgage loan. Landmark Bank v. Kesler, 216 P.3d 158 (Kan. 2009).

15. The Plaintiffs paid their mortgage payments directly to Washington Mutual Bank, not MERS and not Mortgage Edge Corporation.

16. On March 12, 2001, the Plaintiffs obtained another mortgage loan through American General Finance in the amount of $10,000.00.

17. At some point during 2003 and/or 2004, the Plaintiffs were unable to pay their mortgage loans.

18. On July 9, 2004 Thomas Lemley filed a chapter 7 bankruptcy case in the Northern District of Alabama, case # 04-06068. During that case, he surrendered his interest in the real property.

19. During Mr. Lemley's bankruptcy case, MERS filed a Motion for Relief which was granted. The sole purpose of said Motion was to ask the Court for permission to proceed with the exercise of its private power of sale and foreclosure on said property.

20. Plaintiff Mr. Lemley received a discharge on October 22, 2004. This discharge eliminated the debt owed on the mortgages.

21. On March 23, 2005, Plaintiff Pamela Lemley filed a chapter 7 bankruptcy case in the Northern District of Alabama, case # 05-02875. During that case, she surrendered her interest in the real property.

22. During Ms. Lemley's bankruptcy case, Washington Mutual Bank on behalf of MERS filed a Motion for Relief which was granted. The sole purpose of said Motion was to ask the Court for permission to proceed with foreclosure on said property.

23. Plaintiff Ms. Lemley received a discharge on July 7, 2005. This discharge eliminated the debt owed on the mortgages.

24. On July 21, 2005, MERS filed a Petition for Judicial Foreclosure and To Quiet Title and For Declaratory Relief in the Circuit Court of Jefferson County, Alabama, case # CV 2005-4286.[1] The Complaint specifically requested to foreclose on said property, for a judgment to be entered against the Lemleys, and to quiet title on the property due to the fact that American General Finance also had a mortgage on the property. The Complaint was not filed by Washington Mutual Bank. The Civil Coversheet specifically indicated that a

---

[1] The case was later transferred to the Bessemer Division of Jefferson County and given the case number CV 2005-1295.

monetary award was requested.

25. On September 29, 2005, MERS filed an Application for Default Judgment against the Plaintiffs.

26. On or about January 30, 2006, a judgment was entered against the Plaintiffs for $159,186.83 plus costs of court, additional fees and costs incurred in the collection of the judgment.

27. This judgment was subsequently recorded in the probate court on February 14, 2006 at Book 200660, Page 4849.

28. Said judgment was obtained against the Plaintiffs despite MERS having actual knowledge of the Plaintiffs' bankruptcy cases.

29. The real property was foreclosed on March 28, 2006. MERS offered for sale and did sell the property on that date to a third party. The foreclosure deed was filed in probate court on March 29, 2006 at Book: LR200661, Page 21235. While the sale was conducted by MERS, the grantee was listed as Washington Mutual Bank.

30. As a result of MERS not owning any property, having no interest in any mortgage loan, having no ownership in any lien, and is not entitled to payment on any mortgage loan, MERS had no standing to foreclose on said property and otherwise obtain a judgment against the Plaintiffs.

31. Even assuming it had the requisite standing to foreclose, as a result of the bankruptcy cases and subsequent discharges, MERS had no right to obtain a judgment against the Plaintiffs and then to subsequently record said judgment.

32. As a direct and proximate result of the actions complained of herein, the Plaintiffs are unable to obtain financing for a new mortgage or are otherwise unable to obtain other types of credit

33. As a direct and proximate result of the actions complained of herein, the Plaintiffs' discharges have been undermined.

## Count 1
## Negligent and/or Wantonness

34. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

35. MERS has foreclosed on the Plaintiffs' property without having the legal standing or the proper property interest to do so.

36. MERS has obtained a judgment against the Plaintiff (which has continued to accrue interest) when it had no legal right to do so in violation of both their mortgage and the bankruptcy laws.

37. In doing so, MERS has acted negligently and/or wantonly.

38. As a direct result of MERS's actions, the Plaintiffs have been harmed and injured as herein described.

39. As a result of the above actions as described herein, Defendant is liable to Plaintiffs for statutory, actual, compensatory, and punitive damages, legal fees and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Honorable Court to enter judgment against the Defendant for statutory damages, actual damages, punitive damages, costs, and a reasonable attorney's fee and for such further relief as this Court deems necessary and just.

## Count 2
## Wrongful Foreclosure

40. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

41. MERS initiated and completed a foreclosure proceeding against the Plaintiffs in violation of the law for one or more of the following reasons:

    a. there was no valid lien upon which to foreclose because the mortgage and note were unenforceable;
    b. it did not have standing to foreclose;
    c. there was no default of the mortgage by the Plaintiffs to MERS;

      d. the bankruptcy laws prohibited MERS from obtaining a judgment against the Plaintiffs for a debt which had been discharged in their respective bankruptcy cases.

42. The foreclosure proceeding was either negligent and/or wanton.

43. As a result of the above actions as described herein, Defendant is liable to Plaintiffs for statutory, actual, compensatory, and punitive damages, legal fees and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Honorable Court to enter judgment against the Defendant for statutory damages, actual damages, punitive damages, costs, and a reasonable attorney's fee and for such further relief as this Court deems necessary and just.

**Count 3**
**Contempt for Discharge Injunction Violation(s)**

44. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

45. Despite the abundance of notice to MERS and the fact that it actively participated in each of the bankruptcy cases of the Plaintiffs, MERS willfully violated the discharge injunction by obtaining a judgment against the Plaintiffs and recording said judgment for collection and notice purposes in probate court.

46. Despite the discharge injunction, Defendant filed a lawsuit, sought monetary damages, and obtained a judgment in the amount of $159,186.83 (plus costs of court, additional fees and costs incurred in the collection of the judgment) against the Plaintiffs.

47. Despite actual knowledge of the discharge, the Defendant has failed to remove the judgment from court records.

48. Despite actual knowledge of the discharge, the Defendant actively sought out a monetary judgment against the Plaintiffs.

49. Because of the Defendant's willful actions, the Plaintiffs have suffered injuries consisting of, but not limited to, emotional distress, denial of credit,

transportation costs, and other miscellaneous expenses.

50. Because of the Defendant's actions, Plaintiffs were forced to hire counsel to prosecute this claim.

51. Plaintiffs aver that all of the conduct of the Defendant were both willful and intentional because of the actual knowledge and participation in the bankruptcy cases.

52. The actions of the Defendant as alleged herein constitute willful and intentional violations of 11 U.S.C. § 524 and is remediable pursuant to 11 U.S.C. § 105 and/or § 524.

53. As a result of the above actions as described herein, Defendant is liable to Plaintiffs for actual, compensatory, and punitive damages, legal fees and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Honorable Court to hold Defendant in contempt pursuant to 11 U.S.C. § 105(a) for violating said discharge order and to further enter judgment against the Defendant for actual damages, punitive damages, costs, and a reasonable attorney's fee and for such further relief as this Court deems necessary and just.

**<u>Count 4</u>**

**Violations of the Fair Debt Collection Practices Act**

54. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

55. The Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692(a)(6).

56. The Plaintiffs aver that the loans made the basis of this suit were in default prior to, during, and after the bankruptcy was filed.

57. The Defendant has made false, deceptive, and/or misleading representations by means of demanding payment of the debt and/or by obtaining a judgment against the Plaintiffs in the monetary amount of $159,186.83 (plus costs of court, additional fees and costs incurred in the collection of the judgment) despite said debt having been previously discharged. Such efforts by the Defendant violate § 1692e(2).

58. Upon information and belief, all communications from the Defendant have indicated that the Plaintiffs owe the debt made the basis of this action, even though the debt had been discharged.

59. Defendant knew or should have known that the Plaintiffs had filed a bankruptcy case and that this debt had been discharged. However, upon information and belief, Defendant ignored this fact and instead obtained a judgment against them in violation of the Act.

60. Defendant had a duty pursuant to the Act to investigate whether the debt had been discharged but it failed to do so in violation of the Act.

61. The debt is not legally enforceable against the Plaintiffs.

62. Because of the Defendant's willful actions, the Plaintiffs have suffered injuries consisting of, but not limited to, emotional distress, denial of credit, transportation costs, and other miscellaneous expenses.

63. Because of the Defendant's actions, Plaintiffs were forced to hire counsel to prosecute this claim.

64. As a result of the above actions as described herein, Defendant is liable to Plaintiffs for statutory, actual, compensatory, and punitive damages, legal fees and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Honorable Court to enter judgment against the Defendant for statutory damages, actual damages, punitive damages, costs, and a reasonable attorney's fee and for such further relief as this Court deems necessary and just.

**Count 5**
**Outrage**

65. Plaintiffs incorporate, reaver and reallege each of the foregoing paragraphs as if fully set out herein.

66. Defendant's actions and conduct toward the Plaintiffs as set out herein were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a

civilized society.

67. The emotional distress that Defendant caused Plaintiffs to suffer was so severe that no reasonable person could be expected to endure it.

68. As a result of the Defendant's wanton actions and conduct, the Plaintiffs suffered anger, shame, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Honorable Court to enter judgment against the Defendant for statutory damages, actual damages, punitive damages, costs, and a reasonable attorney's fee and for such further relief as this Court deems necessary and just.

**PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY**

Respectfully submitted,

Robert C. Keller

Robert C. Keller (ASB-7090-L57R)
Attorney for Plaintiffs
Russo, White & Keller, P.C.
315 Gadsden Highway, Suite D
Birmingham, AL 35235
(205) 833-2589

**SERVE THE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Mortgage Electronic Registration Systems, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104